No. 19-7050

---

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

RANDY BROWN,

*Plaintiff - Appellant*,

v.

JPMORGAN CHASE BANK, N.A.;
OCWEN LOAN SERVICING, LLC; and SELECT PORTFOLIO SERVICES,

*Defendants - Appellees.*

---

On Appeal from an Order of the United States District Court
for the District of Columbia, No. 1:14-cv-02031-ABJ (Jackson, J.)

---

## DEFENDANTS-APPELLEES'
## MOTION FOR SUMMARY AFFIRMANCE

---

Andrew R. Louis
BUCKLEY LLP
2001 M Street, NW
Suite 500
Washington, DC 20036


*Counsel for JPMorgan
Chase Bank, N.A.*

Andrew C. Glass
Robert W. Sparkes, III
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111

*Counsel for Ocwen Loan
Servicing, LLC*

Mary S. Diemer
NELSON MULLINS RILEY
& SCARBOROUGH LLP
101 Constitution Avenue, NW
Suite 900
Washington, DC 20001

*Counsel for Select Portfolio
Services*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................1

II.    PROCEDURAL BACKGROUND ......................................................2

III.   ISSUES PRESENTED ON APPEAL .................................................5

IV.   STANDARD OF REVIEW ................................................................5

V.    ARGUMENT ......................................................................................6

     A.    Plaintiff Forfeited Any Rule 60(d)(3) Argument Which Would Lack Merit Anyway .......................................................................6

     B.    Plaintiff Cannot Establish That The District Court Abused Its Discretion In Denying Plaintiff's Rule 60(b) Motion. .........................9

          1.        Plaintiff Cannot Demonstrate Excusable Neglect. .........10

          2.        Plaintiff Failed to Show Extraordinary Circumstances Warranting Relief under Rule 60(b)(6). .........................14

     C.    The District Court Properly Dismissed The Fourth Amended Complaint Under Fed. R. Civ. P. 41(b) ...............................................16

VI.   CONCLUSION .................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Austin v. Donahoe,*
    307 F.R.D. 264 (D.D.C. 2014)......................................................................13

*Baltia Air Lines, Inc. v. Transaction Management, Inc.,*
    98 F.3d 640 (D.C. Cir. 1996)..............................................................6, 7, 8

*Cohen v. Board of Trustees of the University of the District of Columbia,*
    819 F.3d 476 (D.C. Cir. 2016)......................................................................11

*Darby v. Shulkin,*
    321 F.R.D. 10 (D.D.C. 2017)......................................................................15

*Fox v. American Airlines, Inc.,*
    389 F.3d 1291 (D.C. Cir. 2004)..............................................................16, 17

*Fox v. Strickland,*
    837 F.2d 507 (D.C. Cir. 1988)......................................................................17

*Gonzalez v. Crosby,*
    545 U.S. 524 (2005)......................................................................9

*Jackson v. Todman,*
    516 F. App'x 3 (D.C. Cir. 2013)......................................................................17

*Martinez v. U.S. Postal Service,*
    No. 15-5029, 2016 WL 225011 (D.C. Cir. Jan. 5, 2016).............................16

*McIntyre v. U.S. Department of Justice,*
    No. 10-5250, 2011 WL 3903351 (D.C. Cir. Sept. 1, 2011)..........................18

*More v. Lew,*
    34 F. Supp. 3d 23 (D.D.C. 2014)......................................................................7

*Murray v. District of Columbia*,
    52 F.3d 353 (D.C. Cir. 1995)....................................................................13, 14

*Owens v. Republic of Sudan*,
    864 F.3d 751 (D.C. Cir. 2017)..............................................9, 10, 11, 13, 14

*Pioneer Investment Services Co. v. Brunswick Associates L.P.*,
    507 U.S. 380 (1993)................................................................................15

*Rice v. Holder*,
    No. 13-5078, 2013 WL 6009484 (D.C. Cir. Oc. 16, 2013)......................17

*Salazar v. District of Columbia*,
    633 F.3d 1110 (D.C. Cir. 2011).................................................................14

*Salazar v. District of Columbia*,
    602 F.3d 431 (D.C. Cir. 2010)...................................................................6

*Taxpayers Watchdog, Inc. v. Stanley*,
    819 F.2d 294 (D.C. Cir. 1987)..................................................................5

## Statutes

42 U.S.C. § 1981..............................................................................................8

42 U.S.C. § 3604..............................................................................................8

42 U.S.C. § 3617..............................................................................................8

## Rules

Federal Rules of Civil Procedure,
    Rule 41(b).......................................................................................2, 4, 16

Federal Rules of Civil Procedure,
    Rule 60(b)..............................1, 2, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18

Federal Rules of Civil Procedure,
    Rule 60(d)...........................................................................1, 4, 5, 6, 7, 9

U.S. District Court for the District of Columbia Local Rules,
    Local Rule 7(b)..............................................................................................16

## **Miscellaneous**

*Black's Law Dictionary*,
    (7th ed. 1999)...................................................................................................7

# I.    INTRODUCTION

Plaintiff's appeal arises solely from the District Court's Rule 60(b) Order in which the District Court exercised its discretion not to revisit the dismissal of Plaintiff's Fourth Amended Complaint.[1]  This Court should summarily affirm that Order because each of Plaintiff's three grounds for appealing it clearly lacks merit:

*First*, because Plaintiff failed to raise any Rule 60(d)(3) argument in the District Court, he is precluded from doing so now.  Indeed, nowhere in his Rule 60(b) Motion below did Plaintiff assert that his former court-appointed attorney had committed a "fraud on the court" in preparing the Third Amended Complaint.  And in any event, Plaintiff's argument would fail because the District Court permitted him to file a Fourth Amended Complaint, which included the very causes of action that Plaintiff asserts were omitted from the Third Amended Complaint.

*Second*, the District Court in no way abused its broad discretion in denying Plaintiff's Rule 60(b) Motion.  Rather, the District Court correctly ruled that Plaintiff's Rule 60(b) Motion had failed to establish either excusable neglect under Rule 60(b)(1) or any extraordinary circumstance under Rule 60(b)(6) that might warrant relief from judgment.

*Third*, the District Court correctly dismissed the Fourth Amended Complaint. The District Court did so for the straightforward and unassailable reason that

---

[1]     *See* Dkt. No. 111, Ex. A hereto.

Plaintiff never responded to Defendants' motions to dismiss.  Indeed, Plaintiff failed to respond notwithstanding the fact that the District Court granted him a six-month period in which to do so and advised him repeatedly that his failure to respond would result in dismissal.  The docket alone reflects the many opportunities and extensions afforded to Plaintiff.  No amount of additional briefing or argument could affect this Court's view about the propriety of the District Court's resulting Rule 41(b) dismissal.

For these reasons, and as set forth in detail below, the Court should summarily affirm the District Court's Rule 60(b) Order and dismiss the appeal.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed his original complaint against JPMorgan Chase Bank, N.A. ("JPMC") almost five years ago.  *See* Compl. (Dkt. No. 1).  Since then, Plaintiff added Ocwen Loan Servicing, LLC ("OLS") and Select Portfolio Services ("SPS") as defendants, "amended his complaint four times, fired counsel twice, stayed the case twice, and was granted multiple extensions for various deadlines."  District Court Order, dated Dec. 11, 2018 (Dkt. No. 102), at 1 (the "Dismissal Order").[2] Although Defendants prepared motions to dismiss for the various iterations of Plaintiff's amended complaints, Plaintiff never responded to any of those motions.

---

[2]     The Dismissal Order details the case's procedural history.  *See* Ex. B hereto.

On September 18, 2017, Plaintiff moved for leave to file a Fourth Amended Complaint. *See* Dkt. No. 63. The District Court granted Plaintiff's motion, allowing him to assert, among other things, race-based and disability-based discrimination claims. *See* District Court Orders, dated Apr. 13, 2018 (Dkt. No. 77), and June 5, 2018 (Dkt. No. 84). In doing so, the District Court specifically found that the Fourth Amended Complaint would permit Plaintiff to (1) "set[] out all of his claims as he wanted them to be expressed in this case," and (2) "present all of the claims he seeks to bring in one, final proposed complaint, so that they may finally be addressed." *See* District Court Orders, dated Sept. 25, 2017 (Minute Order), and dated June 5, 2018 (Dkt. No. 84), at 7-8, respectively.[3]

On June 19, 2018, Defendants filed motions to dismiss the Fourth Amended Complaint. *See* Dkt. Nos. 85-87. Over the next six months, the District Court repeatedly cautioned Plaintiff that his failure to respond to Defendants' motions would result in dismissal. *See* Dismissal Order, at 5-7 (listing eight separate orders in which the District Court warned Plaintiff of the consequences of failing to respond). The District Court also provided Plaintiff with two extensions of time to respond, from July 20 through December 3, 2018. *See* District Court Orders, dated Jul. 16, 2018 (Minute Order), and dated Nov. 27, 2018 (Minute Order).

---

[3]     *See* Docket Report setting forth the substance of the District Court's Minute Orders referenced herein, Ex. C hereto.

Although Plaintiff filed four non-responsive documents seeking various types of relief during this six-month period, including a motion for injunctive relief (Dkt. No. 90); a motion to join a new party and for preliminary injunction (Dkt. No. 91); a "Notice of Omissions" (Dkt. No. 92); and a motion to amend (Dkt. No. 94), he did not file a response to the motions to dismiss. *See* Dismissal Order, at 6-7. Accordingly, the District Court granted the motions to dismiss "as conceded" and dismissed the case pursuant to Fed. R. Civ. P. 41(b). *Id.* at 7.

Plaintiff then filed a Rule 60(b) Motion, seeking reconsideration of the dismissal of the Fourth Amended Complaint. *See* Rule 60(b) Motion, dated Dec. 21, 2018 (Dkt. No. 104), at 1-5. Plaintiff asserted that his earlier, superseded Third Amended Complaint misstated facts and excluded certain claims and that he had drafted the Fourth Amended Complaint while impaired by the side effects of chemotherapy. *See id.*; Supplement to Rule 60(b) Motion, dated Dec. 28, 2018 (Dkt. No. 105), at 1-3; Reply to Opposition to Plaintiff's 60(b) Motion, dated Feb. 13, 2019 (Dkt No. 110), at 1-4. Plaintiff nowhere contended that the existence of "fraud" or a "fraud on the court" warranted relief under Rule 60(b) or Rule 60(d)(3). *See* Rule 60(b) Motion at 1-5; Supplement, at 1-3; Reply, at 1-4. The District Court denied the Rule 60(b) Motion on May 10, 2019. *See* Rule 60(b) Order, at 5-10. On May 24, 2019, Plaintiff took an appeal from that denial. *See* Notice of Appeal (Dkt. No. 113).

## III.  ISSUES PRESENTED ON APPEAL

Plaintiff identified three issues for appeal:

- Whether the District Court should have recognized a purported "fraud on the court" by Plaintiff's former court-appointed counsel in connection with drafting the Third Amended Complaint, warranting relief under Fed. R. Civ. P. 60(d)(3) from the judgment dismissing the Fourth Amended Complaint.  (Issues Nos. 1-3).

- Whether the District Court erred by denying Plaintiff's Rule 60(b) Motion because the District Court allegedly required him to draft the Fourth Amended Complaint while he was affected by his cancer treatment.  (Issue No. 4).

- Whether the District Court erred by dismissing the Fourth Amended Complaint where that complaint "state[d] a claim for which relief can be granted." (Issue No. 5).

*See* Statement of Issues, dated Jul. 19, 2019, at 2-3.  None of these assertions support reversal of the District Court's Rule 60(b) Order.

## IV.  STANDARD OF REVIEW

The Court should grant summary disposition of an appeal where, as here, (1) the merits of the moving parties' positions "are so clear that expedited action is justified," and (2) "no benefit will be gained from further briefing and argument of the issues presented." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 298 (D.C. Cir. 1987).

## V.    ARGUMENT

The Court should summarily affirm the District Court's Rule 60(b) Order and dismiss Plaintiff's appeal for the following reasons:

### A.    Plaintiff Forfeited Any Rule 60(d)(3) Argument Which Would Lack Merit Anyway.

Plaintiff's newly raised objection under Rule 60(d)(3) clearly lacks merit.  As an initial matter, Plaintiff nowhere raised Rule 60(d)(3) in his Rule 60(b) Motion, let alone argued that a "fraud on the court" supported relief from the dismissal of the Fourth Amended Complaint.  *See* Rule 60(b) Motion, at 1-5; Supplement, at 1-3; Reply, at 1-4.  And the District Court acknowledged as much, noting that Plaintiff had not asserted "defendants [or others] have committed fraud or misrepresentation."  *See* Rule 60(b) Order, at 5.  Because Plaintiff only raised his Rule 60(d)(3) argument on appeal, the Court should reject that argument as forfeited. *See Salazar v. District of Columbia*, 602 F.3d 431, 437 (D.C. Cir. 2010) ("Generally, an argument not made in the trial court is forfeited and will not be considered absent 'exceptional circumstances.'").

Additionally, even if he had not forfeited the argument, Plaintiff has failed to meet the high bar required for a court to set aside a judgment because of a purported "fraud on the court."  *See* Fed. R. Civ. P. 60(d)(3).  The Court has defined a "fraud on the court" as "fraud which is directed to the judicial machinery itself," and not merely "fraud between parties or fraudulent documents, false statements or perjury."

*Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996).

And "fraud on the court" requires "far more than an injury to a single litigant." *Id.*

at 642-43. As such, relief under Rule 60(d)(3) is "very rarely warranted" and is

limited to "egregious cases" not present here, "such as bribery of a judge or juror, or

improper influence exerted on the court by an attorney, in which the integrity of the

court and its ability to function impartially is directly impinged." *More v. Lew*, 34

F. Supp. 3d 23, 28 (D.D.C. 2014) (internal quotations omitted).

On appeal, Plaintiff contends that his former attorney committed fraud on the

District Court by "omitting material facts" related to race discrimination claims from

the Third Amended Complaint. *See* Statement of Issues, at 1-2. According to

Plaintiff, the filing of the Third Amended Complaint constituted "an artifice" on the

District Court, in which the District Court "inadvertently participate[d]" by requiring

him to respond to Defendants' motions to dismiss. *Id.* at 1. But the alleged omission

of facts from a now-superseded complaint does not constitute "[a] knowing

misrepresentation of the truth or concealment of a material fact to induce another to

act to his or her detriment." BLACK'S LAW DICT. 670 (7th ed. 1999) (definition of

fraud). Even assuming these actions could constitute fraud, they are not "egregious"

assaults on judicial integrity sufficient to constitute "fraud on the court." *See Baltia*

*Air Lines, Inc.*, 98 F.3d at 642. At most, Plaintiff's assertions suggest merely the

potential existence of "fraudulent documents" or "false statements" that, at most,

threaten "an injury to a single litigant[;]" circumstances that this Court has found fall well short of constituting fraud on the court. *Id.* at 642-43 (fraud on the court ***not*** present, even where the parties engaged in "underhanded dealings," obtained agreement by fraud, perjured themselves, and misled the court).

Finally, Plaintiff suffered no harm or prejudice as a result of the complained-of deficiencies in the Third Amended Complaint. The later-filed Fourth Amended Complaint contained the race-based discrimination claims purportedly missing from the Third Amended Complaint. *See* Fourth Amended Complaint, at ¶¶ 157-180 (asserting claims under 42 U.S.C. §§ 1981, 3604, and 3617); *see also* Statement of Issues, at 1 (identifying missing claims as violations of 42 U.S.C. §§ 1981, 3604, and 3617). The District Court permitted Plaintiff to "present all of the claims he seeks to bring [including race-based discrimination claims] in one, final proposed complaint, so that they may finally be addressed." District Court Order, dated June 5, 2018, at 7-8. And, the omission of facts from the Third Amended Complaint had no bearing on or relevance to either the District Court's dismissal of the Fourth Amended Complaint, which resulted from Plaintiff's failure to respond to the motions to dismiss, or on its denial of the Rule 60(b) Motion. *See Baltia Air Lines, Inc.*, 98 F.3d at 643 (rejecting fraud-on-the-court argument because "any misrepresentations to the District Court were not relevant to the court's decision").

For these reasons, the Court should summarily dismiss Plaintiff's newly-raised Rule 60(d)(3) argument.

**B.    Plaintiff Cannot Establish That The District Court Abused Its Discretion In Denying Plaintiff's Rule 60(b) Motion.**

Granting relief under Rule 60(b) is warranted only in rare and unusual circumstances, and thus, a district court wields "a large measure of discretion" when disposing of a Rule 60(b) motion. *Owens v. Rep. of Sudan*, 864 F.3d 751, 818-19 (D.C. Cir. 2017) (internal quotations omitted). The U.S. Supreme Court has instructed that "Rule 60(b) proceedings are subject to only limited and deferential appellate review." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). And thus this Court reviews denial of a Rule 60(b) motion for abuse of discretion. *Owens*, 864 F.3d at 818.

As the District Court found, Plaintiff's Rule 60(b) Motion did not attempt to assert the existence of "new evidence," "fraud or misrepresentation," or a void or satisfied judgment. *See* Rule 60(b) Order, at 5. Thus, the District Court construed the Motion as seeking relief for "excusable neglect" under Rule 60(b)(1) or for "other reason that justifies relief" under Rule 60(b)(6). *Id.* The District Court held that Plaintiff had failed to establish a basis for relief under either part of the rule, *id.* at 5-10, and clearly acted within its broad discretion in so holding.

### 1. *Plaintiff Cannot Demonstrate Excusable Neglect.*

Relief for "excusable neglect" under Rule 60(b)(1) "is rare as such motions allow district courts to correct only limited types of substantive errors." *Owens*, 864 F.3d at 818 (internal quotations omitted). Under Rule 60(b)(1), a court must make "an equitable determination" upon consideration of (1) "the danger of prejudice to the non-moving party"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Id.* at 819. In doing so, the District Court found that the first three factors weighed "heavily" against Plaintiff. *See* Rule 60(b) Order, at 6-8.

First, the District Court held that vacating the judgment, after over four-and-one-half years of litigation, would result in "a risk of substantial prejudice" to Defendants. Rule 60(b) Order, at 6. Indeed, the District Court found that Defendants had diligently defended themselves, expending "time and resources" to file motions to dismiss to each of Plaintiff's four separate complaints and opposing Plaintiff's various other filings. *See id.*; *see also* District Court Docket Report. Despite Defendants' timely and vigorous defenses, the underlying litigation lasted over four years "usually because plaintiff has not been able to timely file his pleadings." Rule 60(b) Order, at 6. And the District Court found that granting the Rule 60(b) Motion would increase the risk of substantial prejudice to Defendants by unnecessarily

extending the litigation and risking loss of evidence. *See id.* (internal citations omitted). This risk of prejudice alone defeats Plaintiff's Rule 60(b) Motion. *See Owens*, 864 F.3d at 819 (explaining that unchallenged finding that "vacatur would pose a real risk of prejudice to plaintiffs . . . makes it difficult to imagine [defendant] could prevail even if it were to succeed on the [delay-related] elements it does raise" (internal quotations and citations omitted)).

Second, the length of and reason for delay also weigh in favor of summary affirmance. The District Court found, and the procedural history makes clear, that the delays in the litigation were "substantially and primarily caused" by Plaintiff. *See* Rule 60(b) Order, at 7. As the District Court explained, it dismissed the case "for want of prosecution in December 2015 . . . and then re-opened and stayed for an extended period of time in 2016 while plaintiff dealt with his medical issues . . ., and it was resumed only after plaintiff indicated he was prepared to go forward." *Id.* Plaintiff, moreover, was allowed to amend his complaint four times, and the District Court provided him with almost six months to respond to the motions to dismiss the Fourth Amended Complaint. *See id.* Perhaps most telling is that, despite all of the District Court's accommodations, "Plaintiff has repeatedly failed 'to meet almost every relevant deadline [which has] created a pattern that could, taken together, burden judicial proceedings.'" *Id.* (quoting *Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 490 (D.C. Cir. 2016)).

As a reason for the delay in responding to Defendants' motions to dismiss, Plaintiff points to "cognitive impairment" caused by cancer treatment. *See id.* at 7. The District Court, however, extended Plaintiff's deadline to respond by almost six months specifically because of Plaintiff's medical issues. *Id.* at 8. In fact, the District Court accommodated Plaintiff's medical issues throughout the case, including helping him secure counsel, staying the case twice, and extending deadlines "well beyond periods prescribed by the Local Rules." *Id.* And the District Court repeatedly reminded Plaintiff of the need to respond to the motions to dismiss or face dismissal of the Fourth Amended Complaint. *See id.* at 2-3; Dismissal Order, at 6-7.

Third, the ability to avoid delay was under Plaintiff's control. As Plaintiff conceded in his Rule 60(b) Motion, he "started to comprehend the issues, facts, and case law relevant to Plaintiff's Complaint" before his responses to Defendants' motions to dismiss were due. Rule 60(b) Motion, at 4. Indeed, during the six-month response period, Plaintiff managed to file four motions requesting substantive relief, including injunctive relief, joinder of parties, and leave to further amend. *See* Rule 60(b) Order, at 7. The District Court found that these motions "were coherent and logical and did not indicate that plaintiff was incompetent to move forward." *Id.* at 7-8. Although each such motion lacked merit, Plaintiff's ability to file substantive documents demonstrated that "he was capable of filing a response to the motions to

dismiss." *Id.* at 8; *see also Austin v. Donahoe*, 307 F.R.D. 264, 267-68 (D.D.C. 2014) (plaintiff's health issues did not justify delay in filing a motion for reconsideration because she was not totally incapacitated during the time of the delay). Plaintiff has never explained why he was able to file those motions but unable to file a single response to the motions to dismiss.

Simply put, the record is clear that Plaintiff was afforded meaningful opportunity to respond to the motions to dismiss and was provided numerous accommodations because of his medical issues. As the District Court held, under these circumstances, Plaintiff's "failure to file a response, after repeated warnings, reminders, and extensions of time, does not rise to the level of excusable neglect." Rule 60(b) Order, at 8. This finding is supported by the procedural history of the case and does not constitute an abuse of the District Court's broad discretion.

Finally, the District Court correctly denied Plaintiff's Rule 60(b) Motion because he had never demonstrated a meritorious position. *See id.* at 8-9. "It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). Thus, a party seeking relief under Rule 60(b) "must assert a potentially meritorious" position. *Owens*, 864 F.3d at 819; *see also Murray*, 52 F.3d at 355. But Plaintiff never did so. *See* Rule 60(b) Order, at 9. Nor did

Plaintiff explain why granting his Rule 60(b) Motion might serve to stave off dismissal. *See id.* In his Rule 60(b) Motion, Plaintiff merely "lament[ed] the alleged deficiencies of his own [Third Amended Complaint]" and offered "no reason to assure the Court that he will now respond to the motions to dismiss in a timely manner or that the motions to dismiss would be denied." *Id.*

This Court has affirmed denial of Rule 60(b) motions under similar circumstances. *See Murray*, 52 F.3d at 355-56 (affirming denial of Rule 60(b) motion where plaintiffs never filed an opposition to motions to dismiss nor "provided the district court with any reason to think that granting reconsideration . . . would enable [plaintiffs] to present a potentially meritorious defense to the motions to dismiss"). Plaintiff's failure to satisfy this requirement further supports the District Court's finding of no excusable neglect.

### 2. Plaintiff Failed to Show Extraordinary Circumstances Warranting Relief under Rule 60(b)(6).

Under Fed. R. Civ. P. 60(b)(6), a district court may grant relief from a judgment for "any other reason justifying relief." This Court has instructed that Rule 60(b)(6) "should be only sparingly used." *Salazar v. District of Columbia*, 633 F.3d 1110, 1120 (D.C. Cir. 2011) (internal quotations omitted). Indeed, relief under Rule 60(b)(6) "is even more rare [than under Rule 60(b)(1)], being available only in 'extraordinary circumstances.'" *Owens*, 864 F.3d at 818 (internal quotations omitted). Such "extraordinary circumstances," moreover, must suggest "that the

party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 393 (1993).

But as the District Court held, Plaintiff's Rule 60(b) Motion failed to present any extraordinary circumstances warranting relief under Rule 60(b)(6). *See* Rule 60(b) Order, at 10. First, the focus of the Rule 60(b) Motion, namely the alleged deficiencies of the Third Amended Complaint, had no bearing on the District Court's dismissal of the Fourth Amended Complaint, nor did it explain or excuse Plaintiff's failure to respond to Defendants' motions to dismiss the Fourth Amended Complaint. Second, Plaintiff's medical issues did not constitute extraordinary circumstances. *See Darby v. Shulkin*, 321 F.R.D. 10, 13 (D.D.C. 2017) (rejecting argument that plaintiff's health issues affected her ability to prosecute her claims and justified relief under Rule 60(b)(6)). Indeed, the District Court was well aware of Plaintiff's issues and, expressly "because of them," it provided Plaintiff numerous opportunities to obtain counsel, amend the complaint, and extend due dates. *See* Rule 60(b) Order, at 10. Plaintiff's position is further belied by his filing of four substantive motions during the almost six-month period between the filing of Defendants' motions to dismiss and the District Court's Dismissal Order. *See id.* at 7-8. And, as noted above, Plaintiff was "substantially and primarily" at fault for delaying the case and failing to respond. *See id.* at 7

For these reasons, the Court should summarily affirm the District Court's denial of Plaintiff's Rule 60(b) Motion. *See Martinez v. U.S. Postal Serv.*, No. 15-5029, 2016 WL 225011, at *1 (D.C. Cir. Jan. 5, 2016) (granting motion for summary affirmance because "Appellant has not demonstrated 'extraordinary circumstances' to warrant Rule 60(b)(6) relief").

## C.   The District Court Properly Dismissed The Fourth Amended Complaint Under Fed. R. Civ. P. 41(b).

A court may dismiss an action under Rule 41(b) "[i]f the plaintiff fails to prosecute or to comply with the[ ] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Similarly, a court may grant a motion to dismiss a complaint as conceded where the plaintiff fails to timely respond to the motion. *See Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (district court did not abuse its discretion by granting motion as conceded); *see also* D.D.C. Local Rule 7(b) (authorizing court to treat a motion as conceded where no opposition is filed). The District Court properly exercised its discretion in granting Defendants' motions to dismiss and dismissing the Fourth Amended Complaint after Plaintiff failed to file a response to those motions. *See* Dismissal Order, at 5-7.

Plaintiff had ample time and opportunity to prepare and file a response to Defendants' motions. The District Court extended the deadline twice, providing Plaintiff with almost six months to respond. *See id.* at 5-7. The District Court reminded Plaintiff of his obligation to file a response and warned him of the

consequences of failing to do so at least eight separate times during that six-month period.  *See id.*[4]  Nevertheless, Plaintiff failed to respond to the motions or to the District Court's multiple orders requiring a response.  And Plaintiff has offered no explanation for his failure beyond medical issues, which, as set forth above, did not hinder him from filing four other motions.  *See* Section V.B.1, *supra*.

Under these facts, the District Court properly granted Defendants' motions to dismiss as conceded and did not abuse its discretion when it dismissed the Fourth Amended Complaint.  *See Fox*, 389 F.3d at 1295-95; *Jackson v. Todman*, 516 F. App'x 3, 1 (D.C. Cir. 2013) (affirming grant of motion to dismiss as conceded "[b]ecause appellant failed, despite appropriate warning, to file a timely response . . . and offered no explanation for that failure").  The merits of the District Court's dismissal of the Fourth Amended Complaint are so clear that this Court should summarily affirm the District Court's Dismissal Order and its denial of the Rule 60(b) Motion.  *See Rice v. Holder*, No. 13-5078, 2013 WL 6009484, at *1 (D.C. Cir. Oct. 16, 2013) (summarily affirming grant of motion to dismiss as conceded "[b]ecause appellant failed, despite being given appropriate warnings, to respond to

---

[4]     The District Court's multiple warnings to Plaintiff distinguish this case from *Fox v. Strickland*, in which the Court reversed the grant of a motion for summary judgment and dismissal of an incarcerated *pro se* plaintiff's claims because the district court failed to "provid[e] him with adequate notice of the requirements of the summary judgment rule" and "an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case."  837 F.2d 507, 509 (D.C. Cir. 1988).

the motions to dismiss"); *McIntyre v. U.S. Dep't of Justice*, No. 10-5250, 2011 WL 3903351, at *1 (D.C. Cir. Sept. 1, 2011) (same).

## VI. CONCLUSION

For the above reasons, Defendants-Appellees JPMC, OLS, and SPS respectfully request that the Court: (1) grant the Motion for Summary Affirmance; (2) affirm the District Court's denial of Plaintiff's Rule 60(b) Motion; and (3) dismiss this appeal.

Dated: August 5, 2019

DEFENDANT-APPELLEE
JPMORGAN CHASE BANK,
N.A.,

By its attorneys:

/s/ Andrew R. Louis (w/permission)

Andrew R. Louis
BUCKLEY LLP
2001 M Street, NW
Suite 500
Washington, DC 20036
(202) 349-8000 (telephone)
(202) 349-8080 (facsimile)
alouis@buckleyfirm.com

Dated: August 5, 2019

DEFENDANT-APPELLEE
OCWEN LOAN SERVICING, LLC,

By its attorneys:

/s/ Robert W. Sparkes, III

Andrew C. Glass
Robert W. Sparkes, III
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100 (telephone)
(617) 261-3175 (facsimile)
andrew.glass@klgates.com
robert.sparkes@klgates.com

Stavroula Lambrakopoulos
K&L GATES LLP
1601 K Street NW
Washington, DC 20006
(202) 778-9248 (telephone)
(202) 778-9100 (facsimile)
Stavroula.Lambrakopoulos@klgates.com

Dated: August 5, 2019

DEFENDANT-APPELLEE
SELECT PORTFOLIO SERVICES,

By its attorneys:


*/s/ Mary S. Diemer* (w/permission)

Mary S. Diemer
NELSON MULLINS RILEY
& SCARBOROUGH LLP
101 Constitution Avenue, NW
Suite 900
Washington, DC  20001
(202) 712-2815 (Telephone)
(202) 712-2860 (Facsimile)
mary.diemer@nelsonmullins.com

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

1.     This paper complies with the type-volume limitation as set forth in Fed. R. App. P. 32(a)(7)(B) because this paper contains 4,185 words, excluding the parts of the paper exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This paper complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the style requirements of Fed. R. App. P. 32(a)(6) because this paper has been prepared in a proportionally spaced typeface using Times New Roman 14 point.


 Dated:  August 5, 2019                          */s/ Robert W. Sparkes, III*
                                                   Robert W. Sparkes, III

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2019, the foregoing document was electronically filed with the Clerk of the Court using the ECF system, which will provide proper notification of filing and service on all parties, and I further certify that on the same date I caused to be mailed a copy of the foregoing by first class mail to these parties:

RANDY G. BROWN
2020 Pennsylvania Avenue
P.O. BOX 331
Washington, DC 20006

An additional copy was sent by e-mail to Plaintiff-Appellant Randy G. Brown at [zeugma7@verizon.net](mailto:zeugma7@verizon.net).

*/s/ Robert W. Sparkes, III*
Robert W. Sparkes, III